IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GOODRICK- REYNAGA, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-02109 JLT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 10) |

Raymond George Glass ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff asserts his causes of action against J. Goodrick-Reynaga, Appeals Coordinator at Kern Valley State Prison; Sherry Lopez, Chief Medical Officer at Kern Valley State Prison; and I. Grewal (collectively, "Defendants").[1] Plaintiff filed his First Amended Complaint against Defendants on January 11, 2010 (Doc. 10), which is now before the Court for screening.

**I.  Screening Requirement**

Where a prisoner seeks relief against "a governmental entity or officer or employee of a

---

[1] Plaintiff alleges violations of several other statutes in the caption of his Complaint, including claims arising under of 42 U.S.C. §§ 1981, 1982, 1985 (2)(3) and 28 U.S.C. §§ 1441(a)-(f), 1988.  In addition, Plaintiff alleges conspiracy on the part of Defendants.  However, Plaintiff fails to raise any facts in his Complaint regarding these allegations.

1

1  governmental entity," the Court is required to review the complaint and identify "cognizable claims."
2  28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is
3  "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary
4  relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. §
5  1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the
6  wholly incredible, whether or not there are judicially noticeable facts available to contradict them."
7  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In determining malice, the Court examines
8  whether the claims are pled in good faith.  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46
9  (1915).

## II.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.   § 1983 Claims**

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must allege a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a connection shown where a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of

which complaint is made"). As with other claims, conclusory allegations unsupported by facts are insufficient to state a claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

## IV. Discussion and Analysis

Plaintiff alleges that he is "on pain medication (Nurotin) for a degenerative spine, and arthritis of the spine, which is not adequately quailing the pain," which was proscribed by doctors at the prison. (Doc. 10 at 3). According to Plaintiff, "Other medications have been offered which don't amount to anything more than asprin (sic), which are also inadequate to quail Plaintiff's pain." *Id.* Plaintiff states that he "requested to either be provided adequate pain medications and to be evaluated for pain by appropriate doctors, or to permit Plaintiff's private doctor to evaluate [him] and to prescribe [him] the adequate pain medications to quail such pain." *Id.* Therefore, the gravamen of Plaintiff's complaint is that he should be able to receive pain medication other than those offered by the prison physicians and he has suffered inadequate medical care.

A. Status of Plaintiff

It is not clear from the pleadings whether Plaintiff was a pre-trial detainee or a prisoner serving a criminal sentence.[2] If Plaintiff is a pre-trial detainee, the proper analysis would be under "the more protective substantive due process standard" rather than the Eighth Amendment. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 ("only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions" is the Eighth Amendment applicable); *Gibson v. County of Washoe*, 290 F.3d 1174, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). With medical care, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187. Thus, the Court will look to the Eighth Amendment to determine the requisite standard of care.

///

///

---

[2] Plaintiff refers to himself only as a "secured party/creditor" and a "foreign state." *See, e.g.*, Doc. 10 at 3.

B.  Eighth Amendment protections

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), *quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976). Included in the prohibition of cruel and unusual punishments is a responsibility placed upon prison officials to provide medical care to prisoners. *Id.* at 104-05. To claims arise in the context of inadequate medical care, a prisoner must point to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. In the Ninth Circuit, a cognizable claim has two elements: "the seriousness of the prisoner's medical need and the nature of defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *see also Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006).

1.  Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059, quoting *Estelle*, 429 U.S. at 104. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

In this case, Plaintiff alleges that he has a degenerative spine and arthritis in his spine. Such a condition may constitute a serious medical condition. *See Washington v. Brown*, 2009 U.S. Dist. LEXIS 6846, at *39 (E.D. Cal. Jan. 21, 2009) (undisputed that "chronic arthritis constitutes a serious medical need"). Doctors at the prison treated Plaintiff's pain in his back, which demonstrates that the condition was serious enough for the doctor to find it "important and worthy of comment or treatment." *McGuckin*, 974 F.2d at 1059. Thus, Plaintiff has demonstrated a serious medical need.

2.  Deliberate indifference

If a prisoner establishes the existence of a serious medical need, he must then show that the officials responded to that need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834

(1994). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 291 F.3d 1051, 1060 (9th Cir. 2004). In clarifying the culpability required for "deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted). If a defendant should have been aware of the risk of substantial harm but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent…than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing *McGuckin*, 974 F.2d at 1060. Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Generally, deliberate indifference to serious medical needs of prisoners may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or…by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

In the case at hand, Plaintiff argues that the medication he has received "is not adequately quailing" his pain. (Doc. 10 at 3). Also, Plaintiff states that Defendants "are refusing to allow" him to receive different pain mediation. *Id.* However, evidence provided by Plaintiff establishes that this is assertion is unfounded, as Plaintiff has had his medication changed several times.[3] Moreover,

---

[3] On January 22, 2009, a doctor proscribed Aledronate Sodium for osteoporosis, and Plaintiff was already receiving Gabapentin for pain. (Doc. 1 at 8). On May 18, 2009, the doctor increased Plaintiff's Gabapentin dosage. *Id.* In June 2009, Plaintiff began taking Melozicam once a day to help with the pain. *Id.* Records in late September 2009 show Plaintiff had "a current order for Tylenol 650mg three times a day in addition to the Gabapentin 2700mg a day." *Id.* Thus, Plaintiff's pain medication had been changed several times by the physicians at the prison.

though Plaintiff insinuates that Defendants had knowledge of his serious medical need given the refusal to change medications, Plaintiff has not made any allegations demonstrating deliberate indifference on the part of Defendants. Notably, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); *see also Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (inmates have no constitutional right to receive a particular or requested course of medical treatment, and prison doctors remain free to exercise their independent medical judgment). When a plaintiff is seeking treatment differing from that offered or received, a plaintiff "must show that the course of treatment that the doctors chose was medically unacceptable under the circumstances . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986). Here, Plaintiff has not made any allegations that the treatment was medically unacceptable or taken in disregard for an excessive risk to his health. Therefore, Plaintiff has not stated a cognizable claim of inadequate medical care against Defendants.

C.  Seeing a private physician

Plaintiff asserts that in the alternative of receiving a different medication by from the doctors at the prison, he should be permitted to see his private physician for evaluation and a new prescription. A right to see a private physician must be evaluated under The Due Process Clause of the Fourteenth Amendment, which protects individual liberty and property interests.

The Due Process Clause of the Fourteenth Amendment provides, "No State shall. . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "A § 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process. *Portman*, 995 F.2d at 904. Thus, to state a

cognizable claim for deprivation of due process, Plaintiff must first establish the existence of a protected liberty interest. Specifically, Plaintiff's claim depends on whether there is a constitutionally protected liberty interest in seeing a private physician.

The Supreme Court opined, "Admittedly, prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandlin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks and citations omitted). Regulations regarding the conditions under which a prisoner can leave a facility go to the purpose of confinement. *Id.* at 484. The Ninth Circuit held that a prisoner "has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution." *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986), cert. denied, 479 U.S. 939 (1986). Therefore, Plaintiff does not have a protected liberty interest in seeing a private physician outside of the prison, and Plaintiff cannot make a cognizable claim for a right to see a private physician against Defendants on Fourteenth Amendment grounds.

## V.  Conclusion and Order

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Specifically, Plaintiff failed to allege facts indicating that Defendants were deliberately indifferent to his medical need, or to establish a protected liberty interest in seeing a private physician outside the institution. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED:

1. This action is **DISMISSED WITH PREJUDICE**; and
2. Because this Order dismissing the First Amended Complaint concludes this case, the Clerk of the Court IS ORDERED to close this matter.

IT IS SO ORDERED.

Dated:  **December 15, 2010**                                  /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE